Eric F. GARRISON, Plaintiff–
Appellant,

v.

Carolyn W. COLVIN, Acting Com-
missioner of Social Security,
Defendant–Appellee.

No. 13–36070.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 4, 2016.*

Filed Feb. 8, 2016.

Jeffrey H. Baird, Dellert Baird Law Of-
fice, Seattle, WA, Elie Halpern, Esquire,
Elie Halpern & Associates, PLLC, Olym-
pia, WA, for Plaintiff–Appellant.

Helen J. Brunner, Esquire, Assistant
U.S., Kerry Keefe, Esquire, Office of the
U.S. Attorney, Diana Swisher Andsager,
Esquire, Assistant Regional Counsel,
David Burdett, Special Assistant U.S., Ma-
thew W. Pile, SSA–Social Security Admin-
istration, Office of the General Counsel,
Seattle, WA, for Defendant–Appellee.

Before: KOZINSKI, O'SCANNLAIN
and GOULD, Circuit Judges.

**MEMORANDUM ***

1. The ALJ did not err by assigning
"little weight" to the opinion of Dr. Yuodel-
is–Flores. An ALJ may discount the opin-

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

ion of a treating physician when he pro-
vides "specific and legitimate reasons" for
doing so. *Lester v. Chater,* 81 F.3d 821,
830–31 (9th Cir.1996) (as amended). The
ALJ offered two specific and legitimate
reasons to distrust Dr. Yuodelis–Flores,
both of which are amply supported by the
record. First, Dr. Yuodelis–Flores's opin-
ion was inconsistent with a report from Dr.
Koenen, another one of Garrison's examin-
ing physicians. *See Edlund v. Massanari,*
253 F.3d 1152, 1156 (9th Cir.2001) (as
amended) (noting that ALJs are responsi-
ble for "resolving conflicts in medical testi-
mony"). Second, Dr. Yuodelis–Flores re-
ported that some of the memory problems
she observed in Garrison might be ex-
plained by his "discomfort during [the]
interview."

2. The ALJ did not err in discounting
the opinion of Dr. Carstens. As the ALJ
correctly noted, Dr. Carstens's report was
internally inconsistent. One portion of Dr.
Carstens's report suggested that Garrison
suffered from "marked" social and func-
tional limitations, but a later portion of the
same report suggested that Garrison's
functional limitations were mild or even
non-existent. Because Dr. Carstens's
opinion was confusing and illogical, the
ALJ was within his discretion to assign it
"little weight."

3. The ALJ did not err in discounting
the opinion of Dr. Widlan. Dr. Widlan
suggested that Garrison had markedly im-
paired abilities to function in the work-
place. But this opinion was inconsistent
with that of Dr. Koenen, who reported that
Garrison's limitations were much less se-
vere. Given the difference in opinion

---

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36–3.

among examining physicians, the ALJ was entitled to discount the more severe assessment offered by Dr. Widlan. *See Edlund*, 253 F.3d at 1156.

4. The ALJ did not err in discounting the psychometric assessment prepared by Sara Trusz, a student working under the supervision of Dr. Wieneke. Trusz found that Garrison's "working memory" was in the bottom .01 percentile, and that most of his memory abilities were in the "[e]xtremely [l]ow" range. The ALJ distrusted this radical assessment of Garrison's functioning because other reports were "more consistent with [Garrison's] demonstrated functioning as evidenced by his daily activities." Trusz's report cannot be squared with the facts that Garrison attended community college, showed up for his AA meetings, cleaned the condo where he lived, shopped, cooked and reliably attended his medical appointments. The gap between Trusz's assessment of Garrison and Garrison's own account of his daily activities was a sufficient reason for discounting the psychometric analysis.

5. The district court found that Garrison waived any argument regarding his own credibility by failing to identify any specific errors in the ALJ's decision. Because Garrison waived this line of argument below, we will not consider it for the first time on appeal. *See Spurlock v. FBI*, 69 F.3d 1010, 1017 (9th Cir.1995). In any event, the ALJ provided a specific and valid reason for discrediting Garrison's testimony. As the ALJ noted, Garrison's reports concerning his own limitations were belied by evidence of his daily activities. *See Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir.1995).

* The panel unanimously concludes this case is suitable for decision without oral argument.

6. The Commissioner's unopposed motion for judicial notice of AM 13066 is **GRANTED.**

**AFFIRMED.**